# UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------x
Power Train Components, Inc.,
                    Plaintiff,                    :

                    v.                            :
                                                      Before:  Gregory W. Carman, Judge
United States,                                    :
                    Defendant,                    :
                                                  :   Court No. 11-00153
                    and                           :
                                                  :
The Timken Company,
                    Defendant-Intervenor.         :
------------------------------------------------------x
```

## NOTICE OF APPEAL

NOTICE is hereby given that Power Train Components, Inc., the Plaintiff in this action, appeals to the United States Court of Appeals for the Federal Circuit from the final judgment entered in this action on May 29, 2013.

Dated: June 27, 2013

s/Robert M. Klingon
Robert M. Klingon
The Klingon Law Firm
444 East 82 Street, 14th Floor
New York, New York  10028
(917) 309-6698
Counsel for the Plaintiff,
Power Train Components, Inc.

APPEAL,TERMINATED

# U.S. Court of International Trade
## LIVE Database (New York)
## CIT DOCKET FOR CASE #: 1:11-cv-00153-GWC
### Internal Use Only

Power Train Components, Inc. v. United States
**Assigned to:** Gregory W. Carman
**Lead Docket:**

**Jurisdiction:**
28USC § 1581(c) Antidumping or Countervailing Duty
Determination(s)

**Date Filed:** 05/19/2011
**Jury Demand:** No

**Date Terminated:** 05/29/2013

**Category:**
Determination on Class or Kind of Merchandise 19USC §
1516a(a)(2)(B)(vi)

**Date Reopened:**

**Does this action raise an issue of
constitutionality?:** N

**Agency:**
U.S. Department of Commerce

**Product Description:**
integrated automotive wheel hub assemblies incorporating
tapered roller bearings

United States Court of International Trade
One Federal Plaza
New York, New York 10278
I hereby certify that this is a true
copy of the original on file in this
office
Date: 6-27-13

Tina Potuto Kimble
Clerk of the Court
By: _____
Deputy Clerk

**Export Country:**
(Not Applicable)

**Plaintiff**

**Power Train Components, Inc.**

represented by **Robert M. Klingon**
The Klingon Law Firm
444 East 82nd Street
14th Floor
New York, NY 10028
(917) 309-6698
Fax: (866) 721-4339
Email: robertklingon@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Defendant**

**United States**

represented by **Loren Misha Preheim**

U.S. Department of Justice
Commerical Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 305-3087
Fax: (202) 305-8640
Email: Misha.Preheim@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL***
***FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Intervenor Defendant**

**The Timken Company**                    represented by    **William A. Fennell**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 785-4185
Fax: (202) 466-1286
Email: wfennell@stewartlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL***
***FILER***
***Bar Status: ACTIVE***

**Geert M. De Prest**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1245
Fax: (202) 466-1286
Email: gdeprest@stewartlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL***
***FILER***
***Bar Status: ACTIVE***

**Jumana Madanat Misleh**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1258

Fax: (202) 466-1286
Email: jmadanat@stewartlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL
FILER***
***Bar Status: ACTIVE***

**Philip Andrew Butler**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1240
Fax: (202) 466-1286
Email: pbutler@stewartlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL
FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Stephanie Rose Manaker**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1290
Fax: (202) 466-1286
Email: smanaker@stewartlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL
FILER***
***Bar Status: ACTIVE***

**Terence Patrick Stewart**
Stewart and Stewart
2100 M Street, NW.
Suite 200
Washington, DC 20037
(202) 466-1241
Fax: (202) 466-1286
Email: tstewart@stewartlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL
FILER***
***Bar Status: ACTIVE***

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 05/19/2011 | 1 | Summons. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Goell, Geoffrey) (Entered: 05/24/2011) |
|---|---|---|
| 05/19/2011 | 2 | Form 5 Information Statement. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Goell, Geoffrey) (Entered: 05/24/2011) |
| 05/19/2011 | 3 | Form 13 Corporate Disclosure Statement. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Goell, Geoffrey) (Entered: 05/24/2011) |
| 05/24/2011 | 4 | Summons served by Clerk's Office upon Plaintiff and appropriate Government Agency/Agencies. (Goell, Geoffrey) (Entered: 05/24/2011) |
| 06/10/2011 | 5 | Form 11 Notice of Appearance. Filed by Loren Misha Preheim of U.S. Department of Justice on behalf of United States.(Preheim, Loren) (Entered: 06/10/2011) |
| 06/20/2011 | 6 | First Complaint against United States. Administrative Record due by 8/8/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Certificate of Service) (Klingon, Robert) (Entered: 06/20/2011) |
| 06/29/2011 | 7 | Order entered on 6/29/2011 assigning action to Judge Gregory W. Carman. (Love, Cynthia) (Entered: 06/29/2011) |
| 07/19/2011 | 8 | Consent Motion to Intervene as Defendant intervenor *on behalf of The Timken Company*. Responses due by 8/8/2011. Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company.(Fennell, William) (Entered: 07/19/2011) |
| 07/20/2011 | 9 | Form 11 Notice of Appearance *for: William A. Fennell, lead attorney, Terence P. Stewart, Geert De Prest, Philip A. Butler, Jumana Misleh, Stephanie R. Manaker, attorneys*. Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company.(Fennell, William) (Entered: 07/20/2011) |
| 07/20/2011 | 10 | Form 13 Corporate Disclosure Statement. Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company. (Fennell, William) (Entered: 07/20/2011) |
| 07/21/2011 | 🔒 | (Court only) Documents have been submitted to chambers. *Consent Motion to Intervene as Defendant intervenor on behalf of The Timken Company* (related document(s) 8 ). Documents are Non-Dispositive. Action required by 8/22/2011. (Love, Cynthia) (Entered: 07/21/2011) |
| 07/21/2011 | 11 | Order entered on 7/21/2011 granting The Timken Company's Motion to intervene as defendant-intervenor(Related Doc # 8 ). (Love, Cynthia) (Entered: 07/21/2011) |
| 07/21/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 7/21/2011 granting The Timken Company's Motion to intervene as defendant-intervenor* (related document (s) 11 ). (Love, Cynthia) (Entered: 07/21/2011) |

| 08/01/2011 | 12 | Public Administrative record for U.S. Department of Commerce filed *w/one public CD (filed w/ Court No. 11-00154)*. (Attachments: # 1 Final Customs Instruction) (Love, Cynthia) (Entered: 08/04/2011) |
|---|---|---|
| 08/05/2011 | 13 | Letter filed by the Honorable Gregory W. Carman. Pursuant to Rule 56.2, a proposed briefing schedule and joint status report must be filed no later than September 8, 2011. (Love, Cynthia) (Entered: 08/05/2011) |
| 09/09/2011 | 14 | First Joint status report with proposed scheduling order. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Proposed Order Proposed Scheduling Order) (Klingon, Robert) (Entered: 09/09/2011) |
| 09/09/2011 | 15 | First Proposed scheduling order. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Klingon, Robert) (Entered: 09/09/2011) |
| 09/12/2011 | 🔒 | (Court only) Documents have been submitted to chambers. *First Joint status report with proposed scheduling order* (related document(s) 14 ). Documents are Non-Dispositive. Action required by 10/12/2011. (Love, Cynthia) (Entered: 09/12/2011) |
| 09/14/2011 | 16 | Scheduling Order entered on 9/14/2011: Any motions addressed to the pleadings, the record or other matters are to be submitted by 10/8/2011. Plaintiff's Rule 56.2 brief due by 11/7/2011. Defendant and Defendant-Intervenor's Responses to Dispositive Motion due by 1/16/2012. Plaintiff's Reply due by 2/13/2012.(Love, Cynthia) (Entered: 09/14/2011) |
| 09/14/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Scheduling Order entered on 9/14/2011* (related document (s) 16 ). (Love, Cynthia) (Entered: 09/14/2011) |
| 10/11/2011 | 17 | Form 18 Notice of Termination of Access to Business Proprietary Information filed on behalf of *Carl P. Moyer.* Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company. (Fennell, William) (Entered: 10/11/2011) |
| 10/11/2011 | 18 | Consent Motion to Amend Scheduling Order. Responses due by 10/31/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 10/11/2011) |
| 10/12/2011 | 🔒 | (Court only) Documents have been submitted to chambers. *Consent Motion to Amend Scheduling Order* (related document(s) 18 ). Documents are Non-Dispositive. Action required by 11/14/2011. (Love, Cynthia) (Entered: 10/12/2011) |
| 10/12/2011 | 19 | Order entered on 10/12/2011 granting Motion to Amend Scheduling Order. Ordered that the scheduling order herein is amended so that the date on or before which to submit any motions addressed to the pleadings, the record or other matters is extended from October 8, 2011 to October 17, 2011. (Related Doc # 18 ). (Love, Cynthia) (Entered: 10/12/2011) |
| 10/12/2011 | | (Court only) Action on documents submitted to chambers has been |

| | 🔒 | accomplished. *Order entered on 10/12/2011 granting Motion to Amend Scheduling Order.* (related document(s) 19 ). (Love, Cynthia) (Entered: 10/12/2011) |
|---|---|---|
| 10/17/2011 | 20 | Application/Motion for preliminary injunction . Responses due by 11/7/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Exhibit Affidavit of Dr. Shorya Awtar)(Klingon, Robert) (Entered: 10/17/2011) |
| 10/18/2011 | 🔒 | (Court only) Documents have been submitted to chambers. *Application/Motion for preliminary injunction* (related document(s) 20 ). Documents are Non-Dispositive. Action required by 11/17/2011. (Love, Cynthia) (Entered: 10/18/2011) |
| 10/18/2011 | 21 | Order entered on 10/18/2011 granting Motion for preliminary injunction. Ordered that the entries covered by this preliminary injunction shall be liquidated in accordance with the final decision in this action, including all appeals and remand proceedings (Related Doc # 20 ). (Love, Cynthia) (Entered: 10/18/2011) |
| 10/18/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 10/18/2011 granting Motion for preliminary injunction* (related document(s) 21 ). (Love, Cynthia) (Entered: 10/18/2011) |
| 11/07/2011 | 22 | Consent Motion for extension of time until 11/14/2011 to file brief . Responses due by 11/28/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 11/07/2011) |
| 11/08/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Consent Motion for extension of time until 11/14/2011 to file brief* (related document(s) 22 ). (Love, Cynthia) (Entered: 11/08/2011) |
| 11/08/2011 | 23 | Order entered on 11/8/2011 granting Motion for extension of time to file brief. Plaintiff shall file its Rule 56.2 brief on or before November 14, 2011 (Related Doc # 22 ). (Love, Cynthia) (Entered: 11/08/2011) |
| 11/08/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 11/8/2011 granting Motion for extension of time to file brief* (related document(s) 23 ). (Love, Cynthia) (Entered: 11/08/2011) |
| 11/14/2011 | 24 | Partial Consent Motion for extension of time until 11/17/2011 to file brief . Responses due by 12/5/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 11/14/2011) |
| 11/16/2011 | 25 | Order entered on 11/16/2011 granting Plaintiff's Partial Consent Motion for extension of time to file brief. Plaintiff shall file its Rule 56.2 brief on or before November 17, 2011 (Related Doc # 24 ). (Love, Cynthia) (Entered: 11/16/2011) |
| 11/18/2011 | 26 | Consent Motion for leave to file out of time *Rule 56.2 Brief.* Responses due |

| | | |
|---|---|---|
| | | by 12/7/2011. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Brief Pursuant to Rule 56.2)(Klingon, Robert) (Entered: 11/18/2011) |
| 11/21/2011 | 🔒 | (Court only) Documents have been submitted to chambers. *Consent Motion for leave to file out of time Rule 56.2 Brief* (related document(s) 26 ). Documents are Non-Dispositive. Action required by 12/21/2011. (Love, Cynthia) (Entered: 11/21/2011) |
| 11/21/2011 | 27 | Order entered on 11/21/2011 granting Motion for leave to file out of time. Ordered that the Clerk of Court shall duly file plaintiff's 56.2 brief (Related Doc # 26 ). (Love, Cynthia) (Entered: 11/21/2011) |
| 11/21/2011 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 11/21/2011 granting Motion for leave to file out of time.* (related document(s) 27 ). (Love, Cynthia) (Entered: 11/21/2011) |
| 11/21/2011 | 28 | Motion for judgment on agency record 56.2 *with brief in support of its 56.2 motion*. Response to 56.2 Motion due by 1/25/2012. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Love, Cynthia) (Entered: 11/21/2011) |
| 11/26/2011 | 29 | Notice of Manual Filing. The document refered to in this entry has been filed manually as it exceeds the Bulky Document Standard *and CM/ECF system would not accept filing in smaller attachments.* Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) Modified on 11/29/2011 (Love, Cynthia).(Entered In Error) (Entered: 11/26/2011) |
| 11/26/2011 | 30 | Appendix *to Brief in Support of its Motion for Judgment on the Agency Record* (related document(s) 28 ). Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6)(Love, Cynthia) (Additional attachment(s) added on 12/2/2011: # 10 Part Two - Appendix 4, # 11 Appendix 5, # 12 Appendix 6, # 13 Appendix 7, # 14 Appendix 8, # 15 Appendix 9, # 16 Appendix 10, # 17 Appendix 11) (Love, Cynthia). (Additional attachment(s) added on 12/2/2011: # 18 Part 3 - Appendix 12, # 19 Appendix 13, # 20 Appendix 14, # 21 Appendix 15, # 22 Appendix 16, # 23 Appendix 17, # 24 Appendix 18) (Love, Cynthia). (Entered: 12/02/2011) |
| 11/26/2011 | 31 | Notice of Manual Filing. The document for Docket Entry #30 has been filed manually. (related document(s) 30 ). Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Love, Cynthia) (Entered: 12/02/2011) |
| 01/10/2012 | 32 | Consent Motion for extension of time until 2/16/2012 to file response brief . Responses due by 1/30/2012. Filed by Loren Misha Preheim of U.S. Department of Justice on behalf of United States.(Preheim, Loren) (Entered: 01/10/2012) |

| 01/10/2012 | 🔒 | (Court only) Documents have been submitted to chambers. *Consent Motion for extension of time until 2/16/2012 to file response brief* (related document(s) 32 ). Documents are Non-Dispositive. Action required by 2/9/2012. (Love, Cynthia) (Entered: 01/10/2012) |
| 01/10/2012 | 33 | Order entered on 1/10/2012 granting Motion for extension of time to file response brief. Defendant and defendant-intervenor's responses to plaintiff's motion for judgment due by 2/16/2012. Plaintiff's reply due by 3/15/2012. (Related Doc # 32 ). (Love, Cynthia) (Entered: 01/10/2012) |
| 01/10/2012 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 1/10/2012 granting Motion for extension of time to file response brief* (related document(s) 33 ). (Love, Cynthia) (Entered: 01/10/2012) |
| 02/16/2012 | 34 | Response *of Defendant-Intervenor The Timken Company* to motion *for Judgment on the Agency Record of Plaintiff Power Train Components, Inc.* (related document(s) 28 ). Reply due by 3/15/2012. Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company. (Fennell, William) (Entered: 02/16/2012) |
| 02/16/2012 | 35 | Appendix *to Defendant-Intervenor The Timken Company's Opposition to the Motion for Judgment on the Agency Record of Plaintiff Power Train Components, Inc.* (related document(s) 34 ). Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company. (Fennell, William) (Entered: 02/16/2012) |
| 02/16/2012 | 36 | Response to motion *for judgment* (related document(s) 28 ). Reply due by 3/15/2012. Filed by Loren Misha Preheim of U.S. Department of Justice on behalf of United States.(Preheim, Loren) (Entered: 02/16/2012) |
| 02/16/2012 | 37 | Appendix *in support of defendant's response to plaintiff's motion for judgment on the agency record.* Filed by Loren Misha Preheim of U.S. Department of Justice on behalf of United States. (Preheim, Loren) (Entered: 02/16/2012) |
| 03/20/2012 | 38 | Consent Motion for extension of time until 4/3/2012 to file reply brief . Responses due by 4/9/2012. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Attachments: # 1 Exhibit A)(Klingon, Robert) (Entered: 03/20/2012) |
| 03/20/2012 | 🔒 | (Court only) Documents have been submitted to chambers. *Order entered on 1/10/2012 granting Motion for extension of time to file response brief* (related document(s) 33 ). Documents are Non-Dispositive. Action required by 4/19/2012. (Love, Cynthia) (Entered: 03/20/2012) |
| 03/21/2012 | 39 | Order entered on 3/21/2012 granting Motion for extension of time to file reply brief. Plaintiff's Reply brief due by 4/3/2012 (Related Doc # 38 ). (Love, Cynthia) (Entered: 03/21/2012) |
| 03/21/2012 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 3/21/2012 granting Motion for extension of time to file reply brief* (related document(s) 39 ). (Love, Cynthia) |

| | | (Entered: 03/21/2012) |
|---|---|---|
| 04/03/2012 | 40 | Consent Motion for extension of time until 4/6/2012 to file reply brief . Responses due by 4/23/2012. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 04/03/2012) |
| 04/05/2012 | 41 | Order entered on 4/5/2012 granting Motion for extension of time to file reply brief. Reply brief due by 4/6/2012 (Related Doc # 40 ). (Swindell, Stephen) (Entered: 04/05/2012) |
| 04/06/2012 | 42 | Reply (related document(s) 36 , 34 ). Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 04/06/2012) |
| 04/18/2012 | 🔒 | (Court only) Documents have been submitted to chambers. *Motion for judgment on agency record 56.2 with brief in support of its 56.2 motion* (related document(s) 28 ). (Documents are Dispositive. Action due by 6/18/2012). (Love, Cynthia) Modified on 6/8/2012 (Love, Cynthia). (Entered: 04/18/2012) |
| 04/27/2012 | 43 | Motion for oral argument *on Rule 56.2 motion for judgment on the agency record* (related document(s) 28 ). Responses due by 5/16/2012. Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc.. (Klingon, Robert) (Entered: 04/27/2012) |
| 04/30/2012 | 44 | Response *of the Timken Company* to motion *for Oral Argument* (related document(s) 43 ). Filed by William A. Fennell of Stewart and Stewart on behalf of The Timken Company.(Fennell, William) (Entered: 04/30/2012) |
| 06/08/2012 | 🔒 | (Court only) Documents have been submitted to chambers. *Motion for oral argument* (related document(s) 43 ). Documents are Non-Dispositive. Action required by 7/9/2012. (Love, Cynthia) (Entered: 06/08/2012) |
| 08/20/2012 | 45 | Order entered on 8/20/2012: Ordered that consideration of the motion for oral argument is stayed until such time as the Court can determine whether oral argument would be useful to the Court.(Love, Cynthia) (Entered: 08/20/2012) |
| 08/20/2012 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 8/20/2012: Ordered that consideration of the motion for oral argument is stayed until such time as the Court can determine whether oral argument would be useful to the Court.* (related document(s) 45 ). (Love, Cynthia) (Entered: 08/20/2012) |
| 04/22/2013 | 🔒 | (Court only) Public Document(s) Submitted to Chambers *Public Administrative record for U.S. Department of Commerce filed w/one public CD (filed w/ Court No. 11-00154). (Kit Miller).* No action required. (related document(s) 12 ). (Love, Cynthia) (Entered: 04/22/2013) |
| 05/29/2013 | 46 | Order entered on 5/29/2013, Slip opinion: 13-67. ORDERED that Commerces Final Scope Ruling is sustained; and it is further ORDERED that the stay entered by the Court on Plaintiffs motion for oral argument (ECF No. 45) is hereby lifted; and it is further ORDERED that Plaintiffs |

|  |  | motion for oral argument (ECF No. 43) is hereby denied. Judgment to enter accordingly. Ordered that Plaintiff Power Train Components, Inc.'s motion for judgment on the agency record is denied and that the challenged determination of Defendant United States Department of Commerce is SUSTAINED. (related document(s) 43 , 28 ).(Love, Cynthia) (Love, Cynthia). (Entered: 05/29/2013) |
| 05/29/2013 | 🔒 | (Court only) Action on documents submitted to chambers has been accomplished. *Order entered on 5/29/2013, Slip opinion: 13-67.* (related document(s) 46 ). (Love, Cynthia) (Entered: 05/29/2013) |
| 06/27/2013 | 47 | Notice of Appeal of judgment of 5/29/2013 filed. (related document(s) 46 ). Filed by Robert M. Klingon of The Klingon Law Firm on behalf of Power Train Components, Inc..(Klingon, Robert) (Entered: 06/27/2013) |

Slip Op. 13-67

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| POWER TRAIN COMPONENTS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>THE TIMKEN COMPANY,<br><br>    Defendant-Intervenor. | Before: Gregory W. Carman, Judge<br><br>Court No. 11-00153 |

### OPINION & ORDER

[Commerce's *Final Scope Ruling* is sustained.]

Dated: May 29, 2013

  *Robert M . Klingon,* The Klingon Law Firm, of New York, NY, for Plaintiff.

  *L. Misha Preheim,* Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Defendant, and *Nathaniel J. Halvorson,* Attorney, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel. With them on the briefs were *Tony West,* Assistant Attorney General, *Jeanne E. Davidson,* Director, *Patricia M. McCarthy,* Assistant Director.

  *Terence P. Stewart, William A. Fennell,* and *Stephanie R. Manaker,* Stewart and Stewart, of Washington, DC, for Defendant-Intervenor.

Court No. 11-00153                                                      Page 2

CARMAN, JUDGE: Plaintiff Power Train Components, Inc. ("Plaintiff" or "PTC")

contests the scope ruling by the United States Department of Commerce ("Commerce")

that its wheel hub assemblies are within the scope in the antidumping duty order

covering tapered roller bearings ("TRBs") from the People's Republic of China

("China"). *Tapered Roller Bearings from the People's Republic of China: Final Scope Ruling on*

*New Trend Engineering Ltd.'s Wheel Hub Assemblies, Memorandum from Wendy Frankel,*

*Director, Office 8, to Gary Taverman, Acting Deputy Assistant Secretary for Antidumping and*

*Countervailing Duty Operations* (Apr. 18, 2011) ("*Final Scope Ruling*"), A/R[1] 48; *Tapered*

*Roller Bearings and Parts Thereof, Finished or Unfinished, From the People's Republic of China,*

52 Fed. Reg. 22,667 (June 15, 1987) ("*TRB Order*").  Pursuant to Plaintiff's motion for

judgment on the agency record, the Court sustains Commerce's *Final Scope Ruling.*

### BACKGROUND

The antidumping duty order scope covers tapered roller bearings from China.

*See TRB Order*, 52 Fed. Reg. at 22,667.  The current scope description, as of the last

administrative review, is:

> [i]mports covered by the order are shipments of tapered roller
> bearings and parts thereof, finished and unfinished, from the PRC;
> flange, take up cartridge, and hanger units incorporating tapered
> roller bearings; and tapered roller housings (except pillow blocks)

---

[1] A/R refers to Administrative Record.

incorporating tapered rollers, with or without spindles, whether or
not for automotive use. These products are currently classifiable
under Harmonized Tariff Schedule of the United States ("HTSUS")
item numbers 8482.20.00, 8482.91.00.50, 8482.99.15, 8482.99.45,
8483.20.40, 8483.20.80, 8483.30.80, 8483.90.20, 8483.90.30, 8483.90.80,
8708.99.80.15 and 8708.99.80.80. Although the HTSUS item numbers
are provided for convenience and customs purposes, the written
description of the scope of the order is dispositive.

*Tapered Roller Bearings and Parts Thereof, Finished or Unfinished, from the People's Republic*

*of China*, 76 Fed. Reg. 3,086, 3,087 (Jan. 19, 2011) ("*Final Results*").[2]

On March 5, 2010, New Trend Engineering Ltd. ("New Trend") submitted a

request for a scope determination that its imports of certain wheel hub assemblies from

China are outside the scope of the TRB Order. *See New Trend Scope Request* (Mar. 5,

2010) ("*Scope Request*"), A/R 1. Defendant-Intervenor The Timken Company ("Timken")

opposed the scope request as the petitioner in the original antidumping investigation.

*See* Def.-Int. the Timken Company's Opp'n to the Mot. for J. on the Agency R. of Pl.

Power Train Components, Inc. ("Def.-Int.'s Opp'n") at 6, ECF No. 34. On June 15, 2010,

Commerce issued a notice stating that it would open a scope inquiry pursuant to 19

C.F.R. § 351.225(e). Def.'s Opp'n to Pl.'s Mot. for J. upon the Agency R. ("Def.'s Opp'n")

---

[2] In the *Final Results*, there was a different scope determination discussed
regarding a company called New Torch and its wheel hub units. In contrast to this
determination, Commerce found that New Torch's wheel hub units were outside the
scope of the order because they do not contain TRBs. *Final Results*, 76 Fed. Reg. at 3,087.

Court No. 11-00153                                                    Page 4

at 5, ECF No. 36 (citing *Notice of Initiation of Scope Inquiry* (June 15, 2010) ("*Scope*

*Initiation*"), A/R 8). On July 14, 2010, Plaintiff submitted its notice of appearance as an

interested party and importer of like merchandise. Brief of Pl. Power Train

Components, Inc. in Supp. of Its Mot. for J. on the Agency R. ("Pl.'s Mot.") at 4, ECF No.

28 (referencing PTC Comments to Scope Inquiry)( July 14, 2010), A/R 15).[3]

     New Trend's wheel hub assemblies include "several varieties of generation

three wheel hub assemblies that incorporate [tapered roller bearings ('TRBs')]" which

"are designed for front wheel use." *Id*. at 5 (internal citations omitted). All the wheel

hub assemblies

> incorporat[e] two non-removable tapered roller bearings in an inner
> race and cup that is machined into the unit's flange, an outer race
> machined into the assembly forging, and mounting studs for
> attachment of the assembly to an automobile. The two machined
> bearing races are characteristic of products known in the industry as
> generation three wheel hub assemblies. The generation three wheel
> hub assemblies subject to the request including [sic] front wheel
> models both with a splined spindle and without; and both with
> antilock braking ("ABS") sensors and without.

*Id*. at 3 (internal citations omitted).

     Commerce divided the subject wheel hub assemblies into two groups—with

and without ABS sensors—and analyzed each group individually. Commerce

---

[3] After New Trend submitted its scope request, PTC filed its own scope request
for a substantially similar product, but Commerce merged PTC's request into New
Trend's scope proceeding. *See* Def.'s Opp'n at 4.

Court No. 11-00153                                                               Page 5

determined that wheel hub assemblies without ABS elements are within the scope

pursuant to 19 C.F.R. § 351.225(k)(1) ("(k)(1) Factors"),[4] meeting the "description of

wheel hub *units* and tapered roller housings included in the scope of the Petition, the

ITC Report, and the Order." *Id.* at 4 (citing *Tapered Roller Bearings from the People's*

*Republic of China: Preliminary Scope Ruling on New Trend Engineering Ltd.'s Wheel Hub*

*Assemblies, Memorandum from Wendy Frankel, Director Office 8, to Christian Marsh, Deputy*

*Assistant Secretary for Antidumping and Countervailing Duty Operations* at 12 (Dec. 18,

2010) ("*Preliminary Scope Ruling*"), A/R 30).  Commerce noted that the International

Trade Commission ("ITC" or "Commission") specifically identified "wheel hub units,"

which are the same as wheel hub assemblies,[5] as part of the scope. Def.'s Opp'n at 3

(citing *Tapered Roller Bearings and Parts Thereof, and Certain Housings Incorporating Tapered*

--------

[4] When considering whether a particular product is included within the scope of
an order, first the (k)(1) Factors are considered, and if they are found to be dispositive,
the inquiry is complete.  The (k)(1) Factors are:

> The descriptions of the merchandise contained in the petition, the
> initial investigation, and the determinations of the Secretary [of the
> Department of Commerce] (including prior scope determinations) and
> the [International Trade] Commission.

19 C.F.R. § 351.225(k)(1).

[5] The terms "units" and "assemblies" are used interchangeably within the
industry, and Commerce highlighted that "New Trend itself has used the terms
interchangeably during the scope proceeding." *Preliminary Scope Ruling* at 6; *see* Def.-
Int.'s Opp'n at 6, n.3.

Court No. 11-00153                                                    Page 6

*Rollers from Hungary, the People's Republic of China, and Romania, USCIT Publ. 1983, Inv.*

*Nos. 731-TA-341, 344, and 345 (final)* at A-6 (June 1987) ("*ITC Report*"), A/R 4, Attach. 2.)

Commerce then determined that wheel hub assemblies with ABS elements are within

the scope pursuant to 19 C.F.R. § 351.225(k)(2) ("(k)(2) Factors").[6] Pl.'s Mot. at 4.

    Plaintiff challenges Commerce's scope determinations and explains that the

wheel hub assemblies "are not mere tapered roller housings, or tapered roller housed

bearings," but "they also incorporate enough additional structures and functions that

they do not *constitute* tapered roller housings or housed bearings" thereby removing

them from the TRB scope. *Id.* at 12 (citations omitted) (emphasis in original).

    Defendant-Intervenor Timken, who was petitioner in the underlying

investigation, supports Commerce's scope determinations, advancing the argument that

it listed wheel hub assemblies as "part of the scope" in its underlying petition. Def.-

Int.'s Opp'n at 4 (citing *Antidumping Duty Petition: Tapered Roller Bearings, Rollers and*

---

[6] When considering whether a particular product is included within the scope of
an order, if the (k)(1) Factors are not dispositive, then the (k)(2) Factors are considered:

> (2) When the above criteria are not dispositive, the Secretary will further
> consider:
> (i) The physical characteristics of the product;
> (ii) The expectations of the ultimate purchasers;
> (iii) The ultimate use of the product;
> (iv) The channels of trade in which the product is sold; and
> (v) The manner in which the product is advertised and displayed.

19 C.F.R. § 351.225(k)(2).

Court No. 11-00153                                                          Page 7

*Other Parts from Japan, Italy, Yugoslavia, Romania, Hungary, The People's Republic of China*
at 9-10 (Aug. 25, 1986) ("*Petition*"), A/R 4, Attach. 1).

## STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2006).  For scope

determinations, the Court sustains determinations, findings or conclusions of

Commerce unless they are "unsupported by substantial evidence on the record, or

otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).  The possibility of

drawing two inconsistent conclusions from the evidence does not prevent Commerce's

finding from being supported by substantial evidence. *Consolo v. Fed. Marit. Comm'n,*

383 U.S. 607, 620 (1966). "Substantial evidence" means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Consol. Edison v.*

*NLRB,* 305 U.S. 197, 229 (1938).

## DISCUSSION

It is well-established that the cornerstone in any scope determination is the

language of the order itself. *Walgreen Co. of Deerfield, IL v. United States,* 620 F.3d 1350,

1357 (Fed. Cir. 2010) (citing *Duferco Steel, Inc. v. United States,* 296 F.3d 1087, 1097 (Fed.

Cir. 2002)).  Commerce may not impermissibly expand the scope of the order. *Id.* at

1354.  Issues regarding scope arise because "the descriptions of subject merchandise

contained in [Commerce's] determinations must be written in general terms." 19 C.F.R.

Court No. 11-00153                                                      Page 8

§ 351.225(a).  Accordingly, scope inclusions are written in broad terms and then specific

exclusions are carved out from the general terms.  Some exclusions are qualified and

some are not.

     In considering whether a particular product is within the scope of an order,

Commerce will take into account the descriptions of the merchandise contained in the

petition, the investigation, and the determinations of Commerce and the ITC.  *Final*

*Scope Ruling* at 3 (citing 19 C.F.R. § 351.225(k)(1)).  If it determines that these

descriptions are dispositive, then Commerce will issue a final scope ruling.  *Id.*  But if

the descriptions are not dispositive, then Commerce will consider the factors set forth in

19 C.F.R. § 351.225(k)(2).  *Id.* (citing 19 C.F.R. § 351.225(e)).

I.     Administrative Review

     Commerce noted that "the scope's language in the [TRB] Order (i.e., tapered

roller housings with spindles for automotive use) is broad and includes multiple

products that have varied applications."  *Final Scope Ruling* at 7; *see Petition* at 10 ("In all,

there are over 160 types in approximately 26,000 bearing combinations. . . . This petition

covers all types of TRBs (including self-contained bearing packages).").  While

admitting that "the scope [language] does not explicitly list 'wheel hub assemblies,'"

Commerce found "that New Trend's wheel hub assemblies without ABS elements are

tapered roller housings in that the outer flange is a flanged housing that incorporates

Court No. 11-00153                                                    Page 9

TRBs," which are covered by the scope of the TRB Order. *Final Scope Ruling* at 5. In

contrast, while admitting that the subject products "*incorporate* tapered roller housings

and housed bearings," Plaintiff asserted that its wheel hub assemblies "also incorporate

enough additional structures and functions that they do not *constitute* tapered roller

housings or housed bearings." Pl.'s Mot. at 12 (emphasis in original) (internal citations

omitted). Commerce considered Plaintiff's argument and determined that

> wheel hub units with additional features and functions retain the
> essential function of wheel hub units covered by the Order; that is,
> they continue to reduce friction. Thus, the additional features found
> on wheel hub units are engineering and design variations which do
> not alter the fundamental nature of the subject TRB.

*Preliminary Scope Ruling* at 7.

New Trend's scope inquiry involved various subject wheel hub assemblies, but

Commerce divided the subject wheel hub assemblies into two categories for scope

determination purposes. New Trend's wheel hub assemblies are described as follows:

> Although there are several different types of wheel hub assemblies
> that are subject to this scope request, all of them incorporate two non-
> removable TRBs in an inner race and cup that are machined into the
> unit's flange, an outer race machined into the assembly forging, wheel
> and brake "pilots" for aligning the wheels and brake rotors, and
> mounting wheel studs. The majority of the assemblies consist of a
> flanged outer hub with two TRBs, into which has been pressed a
> flanged spindle having a splined inner surface and mounting studs.
> The wheel hub assemblies are "sealed for life," "greased at factory,"
> and "the bearing preload is set at factory." . . . Certain of the products
> do not have a splined spindle and certain of the products include ABS
> capability. New Trend's wheel hub assemblies may be categorized

into the following types of merchandise: (1) splined and non-splined
without ABS elements and (2) splined and non-splined with ABS
elements.

*Final Scope Ruling* at 4 (internal citations omitted).  Accordingly, given the broad

language of the scope and the apparently indiscernible characteristics of TRB

incorporation into the subject product, Commerce initiated a formal scope inquiry

pursuant to 19 C.F.R. § 351.225(e) and received comments from New Trend, Plaintiff

and Defendant-Intervenor.  *See* Def.'s Opp'n at 5.  Because there is no objection to

Commerce's division of the subject products, the Court's review will follow

Commerce's trajectory, first looking at wheel hub assemblies without ABS under the

ambit of the (k)(1) Factors, and then looking at the wheel hub assemblies with ABS

under the ambit of the (k)(2) Factors, checking for support on the record for

Commerce's scope determinations.

## II.    Administrative Determinations

### A.    *Wheel Hub Assemblies without ABS Pursuant to the (k)(1) Factors*

Commerce determined that wheel hub assemblies without ABS are included in

scope based upon the language of the petition and the ITC Report pursuant to the (k)(1)

Factors.  Commerce found that "New Trend's wheel hub units without ABS elements

meet the physical description of subject merchandise as *explicitly* stated in the Order"

because "New Trend's wheel hub assemblies without ABS elements are essentially

tapered roller housings with spindles." *Preliminary Scope Ruling* at 8 (emphasis in

original); *see Final Scope Ruling* at 5.

      To sustain a (k)(1) determination, the Court reviews the record for support that

Commerce's determination that wheel hub assemblies without ABS elements are in-

scope. The petition was filed by Defendant-Intervenor, Timken. To illustrate its desired

scope description, Timken attached advertisement sheets to its petition, which included

depictions of wheel hub units identified as being "part of the scope of this petition."

Def.-Int. Opp'n at 4 (citing *Petition* at 10). Commerce also considered the ITC Report,

which specifically stated that "wheel hub units are a type of tapered roller housing."

*Final Scope Ruling* at 6, 9. Commerce reasoned:

> The ITC specifically identified wheel hub units as one category of in-
> scope products and described them as "self-contained tapered roller
> bearing packages." According to the ITC, these "self-contained
> tapered roller bearing packages include cartridge bearing units and
> wheel hub units" and "the next generation of the self-contained units
> will have flanged inner and outer rings as part of the assembly."

*Final Scope Ruling* at 7 (citing *ITC Report* at A-6). The "next generation of the self-

contained units" that "have flanged inner and outer rings as part of the assembly" as

referenced by the ITC describes the wheel hub assemblies imported by New Trend,

which are considered third generation. *Final Scope Ruling* at 7. Because the "next

generation of wheel hub units with their flanged inner and outer rings as part of the

assembly" are still "a type of self-contained tapered roller bearing package, subject to

the scope," Commerce determined that the ITC Report supported a finding that wheel

hub units are within the scope of the TRB Order. *Id.* Upon review of the record, the

Court finds that Commerce's determination that wheel hub assemblies without ABS are

within the scope based upon a review of TRB Order, petition and ITC Report—the (k)(1)

Factors—is supported by the record and otherwise in accordance with law.

Regarding Plaintiff's argument that the subject product falls under a different

HTSUS than those listed in the scope, the Court notes that the language of the scope

expressly states "[a]lthough the HTSUS item numbers are provided for convenience

and customs purposes, the written description of the scope of the order is dispositive,"

*Final Results*, 76 Fed. Reg. at 3,087, and agrees with Commerce that "HTSUS items

numbers do not define the scope, rather the scope's written description is dispositive of

its coverage," *Final Scope Ruling* at 15. *See also Novosteel SA v. United States*, 284 F.3d

1261, 1270 (Fed. Cir. 2002) ("[o]ur precedent has . . . indicated, meanwhile, that a

reference to an HTSUS number is not dispositive about the scope of an antidumping or

countervailing-duty order") (internal citations omitted).

> **B.**   *Wheel Hub Assemblies with ABS Pursuant to the (k)(2) Factors*

An ABS sensor is "an electronic component that generates a small electric

signal that indicates the speed of revolution of each respective wheel." Pl.'s Mot. at 17

(citing Awtar Aff. ¶ 11, A/R 15, Ex. B). Plaintiff asserts that "incorporating the ABS

Court No. 11-00153                                                    Page 13

sensor into the wheel hub . . . changes the essential character of the wheel hub." *Id.* at

17. Plaintiff argues that Commerce should have found the subject wheel hub assemblies

with ABS elements out of scope pursuant to the (k)(1) Factors and should have never

"resorted to" the (k)(2) Factors. *Id.* Defendant-Intervenor points out, however, that the

scope descriptions do not include "any language that limits scope to mechanical

'systems' or that excludes electromechanical 'systems' . . . . so there is no factual basis in

the record for [Commerce] to distinguish between products based on this criterion."

Def.-Int.'s Opp'n at 17.

        Commerce acknowledges "ambiguity" over ABS elements, Def.'s Opp'n at 6,

because they were neither "expressly covered by the Order" nor "discussed in the ITC

Report," *Preliminary Scope Ruling* at 8. Accordingly, Commerce decided that the (k)(1)

Factors do "not unambiguously address the ABS component of Power Train's

merchandise." Def.'s Opp'n at 16. Because the (k)(1) Factors are not dispositive for

wheel hub assemblies with ABS elements, Commerce resorted to the criteria set forth in

19 C.F.R. § 351.225(k)(2).

        In reviewing a scope ruling, a court must grant "significant deference to

Commerce' own interpretation of those orders," *Duferco Steel*, 296 F.3d at 1094-95,

because "Commerce's discretion [is] at the very heart of its expertise," *Walgreen Co.*, 620

F.3d at 1355. With this in mind, the Court cannot say that Commerce' decision to

Court No. 11-00153                                                      Page 14

conduct a further, more in-depth analysis regarding a product's character and function

is unreasonable.  The Court reviews Commerce's analyses of each of the (k)(2) Factors

for wheel hub assemblies with ABS elements for substantial evidence on the record.

Plaintiff relies on *Legacy Classic Furniture, Inc. v. United States*, 807 F. Supp. 2d

1353, 35 CIT ___ (2011) in support of its challenge.  *See* Pl.'s Reply Br. at 3, ECF No. 42.

That scope case is distinguishable because its subject product—the Heritage Court

Bench— fit ambiguously in the scope description of the order and unambiguously in a

listed exclusion.  In the instant case, there is no exclusion for wheel hub assemblies, with

or without ABS elements.  This case is more akin to *Color Television Receivers from

Taiwan: Notice of Final Scope Ruling Couch Master International Corporation*, where the

subject merchandise was "neither specifically included . . . nor excluded," and

subsequently Commerce determined that "additional features that do not change the

primary nature of an 'in-scope' product do not serve to move that product outside of

the scope order."  63 Fed. Reg. 805, 806 (Jan. 7, 1998).

### 1.    Physical Characteristics of the Product

Regarding the factor of physical characteristics of the product, Commerce

concluded that

> [r]ecord evidence demonstrates that New Trend's wheel hub
> assemblies with ABS elements share the same physical characteristics
> as TRBs covered by the Order.  Specifically, all of New Trend's wheel
> hub assemblies incorporate the cup, cone, cage, and rollers associated

> with TRBs. . . . Additionally, record evidence demonstrates that New
> Trend's wheel hub assemblies with ABS elements share the same
> physical characteristics of tapered roller housings (considered TRBs
> under the scope of the Order) because all of them incorporate two
> non-removable tapered roller bearings that are sealed into a cast,
> flanged housing, taking the place of the typical tapered roller bearing
> cup. The flange houses the TRBs to reduce friction.

*Preliminary Scope Ruling* at 9; *see* Def.'s Opp'n at 18-20. Plaintiff argues that the addition

of the ABS sensor changes the fundamentals of this product removing it from the scope,

but Commerce found the ABS sensor "to be an additional design and engineering

element of the wheel hub unit that enhances the product's functionality but does not

alter the fundamental physical nature of the wheel hub unit as described above."

*Preliminary Scope Ruling* at 9. Commerce determined that "the mere addition of a sensor

does not take an otherwise subject product out of the scope of the order." Def.'s Opp'n

at 19-20.

        The Court agrees with Commerce that the essential physical characteristics of

in-scope TRBs and wheel hub assemblies with ABS elements—the cup, cone, cage and

rollers—are the same. The Court notes that an electronic sensor imparts an additional

physical characteristic to wheel hub assemblies with ABS, which is not shared by non-

ABS wheel hub assemblies. While the contrary conclusion—that an electronic

component does indeed change the physical characteristic of a product—could have

been drawn, the Court is mindful of its standard of review and cannot say a reasonable

mind would not accept as adequate Commerce's determination that the addition of a

Court No. 11-00153                                                      Page 16

sensor does not take an otherwise subject product out of the order. The Court therefore

sustains Commerce as to the physical characteristics of the wheel hub assemblies with

ABS sensors.

## 2.    Expectations of the Ultimate Purchasers

Regarding the factor of customer expectations of the product, Commerce

reasoned that "TRBs are designed and sized for specific applications in a variety of

products and industries, including both industrial applications and automotive

equipment. . . . [T]he ultimate purchasers expect that wheel hub units, with or without

ABS elements, will function as part of a complete wheel hub bearing unit to reduce

friction between moving parts." *Preliminary Scope Ruling* at 10 (citing *Petition* at 8-9; *ITC*

*Report* at 5). According to the ITC Report, the US market for TRBs has historically been

the automotive market, with 85% of all TRBs sold to original equipment manufacturers

("OEMs"), and the remainder going to the aftermarket. *Preliminary Scope Ruling* at 10-

11 (citing *ITC Report* at A-24). Commerce posited that "purchasers of wheel hub units,

regardless of whether they contain ABS elements, would install them in an automobile."

*Preliminary Scope Ruling* at 10; *see* Def.-Int.'s Opp'n at 20. Plaintiff argues that "[w]ithout

the ABS sensor, they would not be expected to allow on-board electronic safety systems

to operate." Pl.'s Mot. at 22.

While recognizing that the expectations of the ultimate purchasers of wheel

hub assemblies with ABS elements may exceed the baseline expectations of the ultimate

purchaser of mere wheel hub units, the Court cannot say a reasonable mind would not

accept as adequate Commerce's determination that the ultimate purchasers'

expectations, regardless of any bonus features, is to purchase a product that reduces

friction between moving parts.

### 3.    Ultimate Use of the Product

Regarding the factor of ultimate use of the product, as with the above factor,

Commerce again emphasized that "New Trend's wheel hub assemblies and TRBs

covered under the Order have a similar ultimate use: reduction of friction between

moving parts." *Preliminary Scope Ruling* at 10; *see* Def.-Int.'s Opp'n at 21.  While

admitting that "the ABS sensor serves an additional purpose," Commerce emphasized

that it "does not replace the original fundamental use of the wheel hub units/tapered

roller housings covered by the scope of the Order and as described in the ITC Report."

*Id.*  In a similar vein with the expectations of the ultimate purchasers, discussed *supra*,

while the wheel hub assembly with ABS may exceed the ultimate use of a mere TRB, the

Court finds that Commerce's determination that wheel hub assemblies with ABS

elements and in-scope TRBs have the same ultimate use of reducing friction between

moving parts is supported by record evidence.

### 4.    Channels of Trade in Which the Product Is Sold

Regarding the factor of channels of trade in which the product is sold, Commerce determined that "New Trend's wheel hub assemblies with ABS elements are sold in the same channels of trade as TRBs and other wheel hub units covered under the Order." *Preliminary Scope Ruling* at 11.  Plaintiff does not contest Commerce's finding of this criterion.  *See* Def.'s Opp'n at 22 ("Power Train does not object to this finding in its brief before this Court.").

### 5.    The Manner in Which the Product Is Displayed and Advertised

Regarding the factor of the manner in which the product is displayed and advertised, Commerce determined that "integrated wheel hub assemblies, which includes [sic] ABS elements . . . . are all advertised and displayed similarly to TRBs and wheel hubs without ABS elements covered by the Order." *Preliminary Scope Ruling* at 12.  Plaintiff does not contest Commerce's finding of this criterion.  *See* Def.'s Opp'n at 22 ("Power Train does not object to this finding in its brief before this Court.").

Upon review of the record, the Court finds that Commerce's determination that wheel hub assemblies with ABS elements are within the scope based upon a review of the (k)(2) Factors is supported by the record and otherwise in accordance with law.

**Court No. 11-00153**                                                    **Page 19**

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Commerce's *Final Scope Ruling* is sustained; and it is further

**ORDERED** that the stay entered by the Court on Plaintiff's motion for oral

argument (ECF No. 45) is hereby lifted; and it is further

**ORDERED** that Plaintiff's motion for oral argument (ECF No. 43) is hereby denied.

Judgment to enter accordingly.

/s/ Gregory W. Carman
Gregory W. Carman, Judge

Dated:  May 29, 2013
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

POWER TRAIN COMPONENTS, INC.,

               Plaintiff,

          v.

UNITED STATES,

               Defendant,

          and

THE TIMKEN COMPANY,

               Defendant-Intervenor.

Before: Gregory W. Carman, Judge

Court No. 11-00153

## JUDGMENT

       This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; now therefore, in conformity with said decision, it is hereby

       **ORDERED** that Plaintiff Power Train Components, Inc.'s motion for judgment on the agency record is denied and that the challenged determination of Defendant United States Department of Commerce is **SUSTAINED**.

                     /s/ Gregory W. Carman
                     Gregory W. Carman, Judge

Dated:   May 29, 2013
          New York, New York